IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AUTUMN RENEE, | § | |
|     Plaintiff | § | |
| | § | |
| Vs | § | C.A. NO. 7:16-CV-00281 |
| | § | |
| FELIPE SANTIAGO PERALEZ, III, | § | |
| GEOVANI HERNANDEZ, | § | |
| RAMON GONZALEZ, JULIA CRUZ | § | |
| NANCY VENECIA, FELICIANO RAMOS | § | |
| MIKE ALANIZ, ELIZABETH GARZA, | § | |
| ABELARDO GUTIERREZ, | § | |
| ROEL BERMEA, CITY OF LA JOYA, | § | |
| AND CITY OF PENITAS, | § | |
|     Defendants | § | |

**DEFENDANTS CITY OF LAJOYA, MIKE ALANIZ, RAMON GONZALEZ, AND JULIA CRUZ'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

May It Please The Court:

    NOW COMES DEFENDANTS, THE CITY OF LA JOYA, MIKE ALANIZ, RAMON GONZALEZ and JULIA CRUZ (hereafter "City Defendants" except as otherwise specified), and file this Original Answer to Plaintiff's Original Complaint (hereafter "Plaintiff's Complaint").

### I. ADMISSIONS AND DENIAL

1.     With respect to the Initial Prayer and the Introduction of Plaintiff's Complaint ¶1, City Defendants deny that Plaintiff is entitled to relief or that any of Plaintiff's civil rights or constitutional rights were violated.

2.     With respect to the Section titled "Parties", ¶ 1 thru 13 of Plaintiff's Complaint, no rule 8 reply is necessary.

3.     With respect to the Section titled "Jurisdiction and Venue, ¶¶14-21 of Plaintiff's Complaint, City Defendants deny any material factual and legal allegations and characterizations, deny any alleged violation of Plaintiff's civil rights, deny any violations of state or federal statutes, and deny that Plaintiff is entitled to recover any of the relief requested or pursuant to any of the relief requested.

4.   With respect to the Section titled "Jurisdiction and Venue, ¶¶22, City Defendants admit venue is proper in the Southern District of Texas-McAllen Division and that this Court has jurisdiction, subject to applicable immunity defenses and election of remedies provisions.

5.   With respect to the Section titled "Facts" ¶23 of Plaintiff's Complaint, City Defendants deny that "Autumn Renee" was booked into La Joya City Jail on May 29, 2014, but admit that a female prisoner arrested by Penitas PD was booked into La Joya City Jail on May 29, 2014. As to the remainder of the factual assertions regarding reasons for arrest, City Defendants do not have sufficient information at this time to admit or deny, therefore denied.

6.   With respect to the Section titled "Facts" ¶24 of Plaintiff's Complaint, City Defendants deny that "Autumn Renee" was in custody or detained at the La Joya City Jail on May 29, 2014. With respect to any female prisoner in the La Joya City Jail on May 29, 2014, City Defendants do not have sufficient information at this time to admit or deny what Felipe Santiago Peralez III may have said, but City Defendants deny all other material factual and legal assertions and characterizations contained in this paragraph regarding an alleged "all night invasion of plaintiff's body", actions allegedly taken by Felipe Santiago Peralez III with regard to Plaintiff/female prisoner and what jail video footage contains.

7.   With respect to the Section titled "Facts" ¶25 of Plaintiff's Complaint, City Defendants deny all material factual and legal assertions contained in this paragraph.

8.   With respect to the Section titled "Facts" ¶26 of Plaintiff's Complaint, City Defendants deny all material factual and legal assertions contained in this paragraph as to an "Autumn Renee" and deny that "Autumn Renee" was in custody or detained at the La Joya City Jail on May 29-30, 2014. City Defendants admit that on May 30, 2014 Ramon Gonzalez reviewed jail video and talked with a female prisoner regarding her incarceration. City Defendants deny all other material factual and legal assertions and characterizations contained in this paragraph, specifically denying that any medical attention was denied or declined for a female prisoner and denying that no medical attention was offered to the female prisoner.

9.   With respect to the Section titled "Facts" ¶27 of Plaintiff's Complaint, City Defendants deny all material factual and legal assertions and characterizations contained in this paragraph as to an "Autumn Renee" and deny that "Autumn Renee" was in custody or detained at the La Joya City Jail on May 29-30, 2014. With regard to any female prisoner at the City on May 29-30, 2014, City Defendants admit only that Ramon Gonzalez took a written statement of a female

prisoner and discussed this prisoner with other La Joya police officers. City Defendants deny all other material factual and legal assertions and characterizations contained in this paragraph, specifically denying that any medical attention was denied or declined for a female prisoner; denying that no medical attention was offered to a female prisoner; and denying that Ramon Gonzalez "had full knowledge of the fact that defendant Peralez had sexually assaulted plaintiff Autumn Renee on May 29, 2014". City Defendants also deny the characterization of statements referenced in the Texas Rangers investigative file attached to the Plaintiff's Original Complaint.

10.     With respect to the Section titled "Facts" ¶28 of Plaintiff's Complaint, City Defendants deny all material factual and legal assertions and characterizations contained in this paragraph.

11.     With respect to the Section titled "Facts" ¶29 of Plaintiff's Complaint, City Defendants deny the material factual and legal assertions and characterizations contained in this paragraph as worded. City Defendants admit only that Ramon Gonzalez on May 30 viewed video of the jail from May 29, 2014.

12.     With respect to the Section titled "Facts" ¶30 of Plaintiff's Complaint, City Defendants deny all material factual and legal assertions and characterizations contained in this paragraph.

13.     With respect to the Section titled "Facts" ¶31 of Plaintiff's Complaint, City Defendants do not have sufficient information at this time to admit or deny what Texas Ranger Robert Garcia learned or believed and when he learned such. As to all other material factual and legal assertions and characterizations in this paragraph, denied.

14.     With respect to the Section titled "Facts" ¶32 of Plaintiff's Complaint, City Defendants admit only that Ranger Garcia met with La Joya police officers and admit that any documents obtained in his investigation speak for themselves. City Defendants deny the material factual allegations and characterizations that documents and/or video "substantiate that the named defendants from La Joya Police Department were aware of the assault on plaintiff."

15.     With respect to the Section titled "Facts" ¶¶33-34 of Plaintiff's Complaint, City Defendants do not have sufficient information at this time to admit or deny, therefore denied.

16.     With respect to the Section titled "Facts" ¶35 of Plaintiff's Complaint, City Defendants do not have sufficient information at this time to admit or deny what Officer Garza from Penitas PD did or did not do. City Defendants deny all other factual and legal allegations and characterizations contained in this paragraph.

17. With respect to the Section titled "Facts" ¶36 of Plaintiff's Complaint, City Defendants admit only that Ranger Garcia met with La Joya police officer Nancy Venecia and that any documents obtained in his investigation speak for themselves. City Defendants deny all other factual and legal allegations and characterizations contained in this paragraph.

18. With respect to the Section titled "Facts" ¶¶37-38 of Plaintiff's Complaint, City Defendants admit only that Ranger Garcia met with La Joya police officer Julia Cruz and that any documents obtained in his investigation speak for themselves. City Defendants deny all other factual and legal allegations and characterizations contained in these paragraphs.

19. With respect to the Section titled "Facts" ¶¶39-42 of Plaintiff's Complaint, City Defendants do not have sufficient information at this time to admit or deny what Penitas PD employees did or did not do. City Defendants deny all other factual and legal allegations and characterizations contained in these paragraphs.

20. With respect to the Section titled "Facts" ¶¶43-45 of Plaintiff's Complaint, City Defendants deny the material factual and legal allegations and characterizations contained in these paragraphs.

21. With respect to the Section titled "Facts" ¶46 of Plaintiff's Complaint, City Defendants do not have sufficient information at this time to admit or deny what Plaintiff told family members or what Plaintiff felt, therefore denied. City Defendants deny all factual and legal characterizations that they did anything that would cause Plaintiff harm or fear.

22. With respect to the Section titled "Facts" ¶¶47-51 of Plaintiff's Complaint, City Defendants deny the material factual allegations and characterizations, deny any alleged violation of Plaintiff's civil rights, deny any violations of state or federal statutes as identified, and deny that Plaintiff is entitled to recover any of the relief requested or pursuant to any of the relief requested.

23. With respect to the Section titled "Plaintiff's Eighth Amendment and Deliberate Indifference Claims" ¶¶52-66 of Plaintiff's Complaint, City Defendants deny the material factual allegations and characterizations, deny any alleged violation of Plaintiff's civil rights, deny any violations of state or federal statutes as identified, and deny that Plaintiff is entitled to recover any of the relief requested or pursuant to any of the relief requested.

24. With respect to the Section titled "Plaintiff's Due Process & Equal Protection of the Law Claim" ¶¶67-97 of Plaintiff's Complaint, City Defendants deny the material factual allegations

and characterizations, deny any alleged violation of Plaintiff's civil rights, deny any violations of state or federal statutes as identified, and deny that Plaintiff is entitled to recover any of the relief requested or pursuant to any of the relief requested.

25. With respect to the Section titled "Intentional Infliction of Emotional Stress Claim" ¶¶98-109 of Plaintiff's Complaint, City Defendants deny the material factual allegations and characterizations, deny any alleged violation of Plaintiff's civil rights, deny any violations of state or federal statutes as identified, and deny that Plaintiff is entitled to recover any of the relief requested or pursuant to any of the relief requested.

26. With respect to the Section titled "Synopsis of Prison Rape and Elimination of Prison Rape Elimination Act" ¶¶110-112 of Plaintiff's Complaint, City Defendants deny the material factual allegations and characterizations, deny any alleged violation of Plaintiff's civil rights, deny any violations of state or federal statutes as identified, and deny that Plaintiff is entitled to recover any of the relief requested or pursuant to any of the relief requested.

27. With respect to the Section titled "Bad Faith Analysis" ¶¶113-116 of Plaintiff's Complaint, City Defendants deny the material factual allegations and characterizations, deny any alleged violation of Plaintiff's civil rights, deny any violations of state or federal statutes as identified, and deny that Plaintiff is entitled to recover any of the relief requested or pursuant to any of the relief requested. City Defendants also deny that sufficient factual and legal assertions are made to overcome the Individual Defendants' qualified immunity.

28. With respect to the Section titled "Prayer" ¶¶117-127 of Plaintiff's Complaint, City Defendants deny the material factual allegations and characterizations, deny any alleged violation of Plaintiff's civil rights, deny any violations of state or federal statutes as identified, and deny that Plaintiff is entitled to recover any of the relief requested or pursuant to any of the relief requested.

## II. GENERAL DENIAL

City Defendants hereby generally deny all material allegations contained in Plaintiff's Original Complaint. Any material factual allegations not specifically admitted in the foregoing paragraphs are hereby denied and City Defendants demand proper proof as required by law and the rules of court.

## III. AFFIRMATIVE DEFENSES

**Government & Sovereign Immunity**

City Defendants hereby asserts the defense of government and sovereign immunity to the fullest extent allowed by law. This defense of government immunity encompasses the City Defendants' immunity from suit, as well as immunity from liability. Further, with regard to any state law based claims and causes of action, as to which the City Defendants have an immunity from suit, the Court is without subject matter jurisdiction to the extent that its jurisdiction is otherwise supplemental.

**Qualified and Official Immunity**

To the extent that the individually named Defendants are sued in their individual capacities, Individual City Defendants hereby assert their qualified immunity from suit from liability, and from the burdens of discovery, as to any and all federally-based claims and causes of action asserted against City Defendants by the Plaintiff. Such Defendants also hereby assert their official immunity from suit and from liability from any and all state based claims and causes of action contained, or which could be contained in Plaintiff's Original Complaint.

**Proportionate Responsibility**

City Defendants hereby further assert a defense as to any proportionate, comparative, and/or contributory fault or responsibility in connection with any incident(s) that can and should be attributed to the claims made by Plaintiff.

**Statutory Notices Imposed Upon Plaintiff**

City Defendants further reserve the right and do hereby plead as a defense, Plaintiff's failure to meet any applicable notice or administrative filing requirements imposed by law as a pre-condition to the assertion of any claims that may be contained in this complaint.

**Failure to Exhaust Administrative Remedies**

City Defendants further reserve the right and do hereby plead as a defense, Plaintiff's failure to comply with all administrative remedies and administrative filing requirements imposed by law as a precondition to the assertion of claims.

**Denial of Conditions Precedent**

City Defendants plead that Plaintiff failed to perform all conditions precedent to the filing of this lawsuit and/or that all conditions precedent occurred prior to the filing of this lawsuit.

**Statutory Caps on Damages**

City Defendants hereby invoke and plead the defense of any statutory caps on damages to which they are entitled.

**No Policy Practice or Custom**

Defendant City of La Joya hereby asserts that Plaintiff suffered no violation of any constitutional rights as a result of any policy, practice or custom of the Defendant City of La Joya.

**Statute of Limitations/ Statutory & Administrative Limitations**

City Defendants also hereby assert as an affirmative defense, the exhaustion or expiration of any and all limitations periods applicable to any and all statutory or common law causes of action asserted by Plaintiff, including any administrative limitations periods applicable to Plaintiff's claims imposed by law and which serve as a condition precedent to this lawsuit.

**Failure to Mitigate**

City Defendants also assert the affirmative defense of failure to mitigate, to the extent Plaintiff failed to properly mitigate damages she is claiming to have suffered.

**Election of Remedies**

To the extent that the individually named Defendants are sued in their individual capacities, such Defendants also hereby assert their entitlement to dismissal of the state law claims against them pursuant to the election of remedies provision in the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code Sec. 101.106(e).

## CONCLUSION & PRAYER FOR RELIEF

THEREFORE, based on the foregoing specific denials, general denial, as well as the affirmative defenses pleaded against Plaintiff's claims, City Defendants request that upon final hearing of this case, that all relief sought by Plaintiff be denied, that a take nothing judgment against Plaintiff be entered.

City Defendants further request and pray that they be awarded such other and further relief, at law or in equity, to which it may show themselves justly entitled.

SIGNED on the 25th day of JULY, 2016.

Respectfully submitted,

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
Fed I.D. No. 5953
rjnavarro@rampage-rgv.com

By: *Robert L. Drinkard*
ROBERT L. DRINKARD
State Bar No. 24007128
Fed I.D. No. 29288
rdrinkard@rampage-rgv.com

**DENTON NAVARRO ROCHA BERNAL HYDE & ZECH**
**A Professional Corporation**
701 E. Harrison, Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

**COUNSEL FOR DEFENDANTS THE CITY OF LA JOYA, TEXAS, MIKE ALANIZ, RAMON GONZALEZ and JULIA CRUZ**

## CERTIFICATE OF SERVICE

  I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below on the on this the 25th day of July, 2016.

  Ms. Tammy E. Henderson Peden
  Law Office of Tammy E. Henderson Peden
  7100 Regency, Square Blvd #160
  Houston, Texas 77036
  **Attorney for Plaintiff**

  Ms. Eileen Leeds
  Guerra, Leeds, Sabo and Hernandez PLLC
  1534 E. 6th Street, Ste 200
  Brownsville, Texas 78520
  **Attorney for Defendants, City of Penitas, Texas,**
  **Elizabeth Garza, Abelardo Gutierrez and Roel Bermea**

          By: *Robert L. Drinkard*
            RICARDO J. NAVARRO
            ROBERT L. DRINKARD