IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| AUTUMN RENEE § | |
|     Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO.7:16-cv-00281 |
| FELIPE SANTIAGO PERALEZ, III; § | JURY REQUESTED |
| GEOVANI HERNANDEZ; § | |
| RAMON GONZALEZ; JULIA CRUZ; § | |
| NANCY VENECIA; FELECIANO RAMOS; § | |
| MIKE ALANIZ; ELIZABETH GARZA; § | |
| ABELARDO GUTIERREZ; ROEL BERMEA; § | |
| CITY OF LA JOYA; CITY OF PEÑITAS § | |
| Defendants § | |

**DEFENDANTS ELIZABETH GARZA AND CITY OF PEÑITAS'
OPPOSED MOTION FOR RECONSIDERATION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants, **Elizabeth Garza, and City of Peñitas,** and file this their Opposed Motion for Reconsideration and respectfully show unto the Court the following:

The City of Peñitas is asking the Court to re-consider its decision regarding Defendant Elizabeth Garza. The Court, in a very detailed Order, granting in part, and denying in part Defendants' Motions to Dismiss, found that the City of Peñitas should be dismissed from this lawsuit in all things, except for the claim of intentional infliction of emotional distress against Elizabeth Garza, an employee of the City of Peñitas. The Court holds that since Plaintiff, in her Response, stated that she was specifically suing only two individual Defendants under that tort, the City of Peñitas' argument was improper.

The Court accepted the argument put forth by the Plaintiff in her Response and decided that

since the only defense raised as to Defendant Garza was under §101.106(e) T.T.C.A. and Plaintiff was supposedly suing her individually, that claim survived this Motion. However, in Plaintiff's First Amended Complaint (¶86) it is clear that Plaintiff was including the cities in her claim:

> (86) Essentially, both city governments and their agents participated in a concerted attempt to deprive plaintiff of substantive and procedural due process rights. Such blatant deprivation of plaintiff's secured constitutional right resulted in subjecting her to physical pain and suffering, emotional and psychological trauma, and anxiety regarding the welfare of her family members; including her elderly mother who is legally blind.

Plaintiff then goes on to her next claim. Thus, at the outset, Plaintiff included the governmental units and their agents, which she later tried to whittle down to just Perales and Garza. The Court mistakenly assumes that by "clarifying" who Plaintiff was suing in her claim for intentional infliction of emotional distress, the argument in the City of Peñitas' Motion for Judgment on the Pleadings fails. It does not.

This is an election of remedies statute. It requires the Plaintiff to decide at the outset of her case who she is going to sue and for what. It cannot be changed by amendment. The Texas Supreme Court has indicated that no amended pleading can moot a plaintiff's initial election. *Mission Independent Consolidated School District v. Garcia,* 253 S.W.3d 653, 657 (Tex. 2008). The "amendment" here was not in an amended pleading but rather a response. A Motion for Judgment on the Pleadings is just like a Motion to Dismiss and is based on the pleadings. In the pleading at issue in this case, the municipalities are included in the tort claim at issue. Thus, arguably §101.106(e) is appropriate.

Nonetheless, even if this Court wants to take Plaintiff's explanation regarding suing Defendant Garza individually, she is still entitled to dismissal, under the same statute. In the Motion for Judgment on the Pleadings, §101.106(e) was used because both the employee and the

governmental unit were sued. Since the facts plead by Plaintiff describe Defendant Garza as performing her official duties transporting Plaintiff to the Hidalgo County Jail, Garza is sued in her official capacity. Had the Plaintiff made clear she did not intend to include the cities in this claim, and was only suing Defendant Garza, she could then have filed her own motion under §101.106(f) and still be entitled to dismissal.

All of the actions complained of by the Plaintiff were actions that Elizabeth Garza took in her capacity as an employee of the City of Peñitas Police Department.

§101.106(f) of T.C.P.R.C. in its entirety states:

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

In other words, "section 101.106 (f) confers immunity on a sued employee based on the employee's motion to dismiss if: (1) the employee's alleged conduct occurred in the scope of her employment; and (2) suit could have been brought against the governmental unit." *Univ. of Tex. Health Sci. Ctr. v. Webber-Eells*, 327 S.W.3d 233, 238 (Tex. App.- San Antonio 2010); *see Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011). "Section 101.106(f) provides the governmental employee with the option of forcing the plaintiff[s] to substitute the governmental entity for the employee or risk a complete dismissal." *Sanders*, 261 S.W.3d at 157. Since the Plaintiff's suit against Defendant Garza was based on conduct within the general scope of her employment and because this tort claim could have been (and was) brought against City of Peñitas, then Plaintiff's suit can only be considered to be filed as against Defendant Garza in her official capacity. *Webber-*

*Eells*, 327 S.W.3d at 238; Tex. Civ. Prac. & Rem. Code § 101.106 (f) and she is entitled to immunity.

This is true even if the next logical argument would be that it would be useless to sue to the governmental entity because the Tort Claims Act is clear that there is no waiver for intentional torts. However, this argument has already been made and decided by the Texas Supreme Court in *Franka v. Velasquez* where the Plaintiff argued that conferring immunity on the individual and forcing the Plaintiff to substitute in the governmental entity is useless given § 101.157 TEX. CIV. PRAC. REM. CODE. They determined that "under this Chapter" means any tort is covered by § 101.106 whether the governmental entity is immune or not. Thus, although this Court decided § 101.106(e) did not entitled Defendant Garza immunity, §101.106(f) does.

## CONCLUSION

Accordingly, based on the argument above, Defendant Elizabeth Garza is entitled to immunity and dismissal from this claim under § 101.106(e) or § 101.106(f). Defendant Garza and/or Defendant the City of Peñitas, pray that this Court revisit its decision in its Order entered on August 3, 2017 (Dkt. #46) and find that Defendant Garza is entitled to immunity.

WHEREFORE, PREMISES CONSIDERED, Defendants, the City of Peñitas and Officer Elizabeth Garza, pray that this Court grant their Motion for Reconsideration, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ Eileen M. Leeds
      Eileen M. Leeds
      State Bar No. 00791093
      USDC Adm. No. 16799

Email: eleeds@guerraleeds.com
*Attorney In Charge*


Heather Scott
State Bar No. 24046809
USDC Adm. No. 575294
Email: hscott@guerraleeds.com
*Of Counsel*

Guerra, Leeds, Sabo & Hernandez, P.L.L.C.
1534 East 6th Street, Suite 200
Brownsville, Texas 78520
Telephone: 956-541-1846
Facsimile: 956-541-1893
*Of Counsel*
**ATTORNEYS FOR DEFENDANTS ELIZABETH GARZA, ABELARDO GUTIERREZ, ROEL BERMEA AND CITY OF PEÑITAS**


## CERTIFICATE OF CONFERENCE

On the 17th day of August, 2017, the undersigned conferred with Plaintiff's counsel, Reginald E. McKamie and he has stated that he is **opposed** to the filing of this motion. Counsel for Co-Defendants, Robert Drinkard stated he is **unopposed** to the filing of this motion.


/s/ Eileen M. Leeds
Eileen M. Leeds


## CERTIFICATE OF SERVICE

I hereby certify that on the 18TH day of August, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Via Electronic Notice**
Mr. Reginald E. McKamie, Sr.
1900 W. Gray Street, Unit 131558
Houston, Texas 77219

**Via Electronic Notice**
Mr. Ricardo J. Navarro
Mr. Robert L. Drinkard
Denton Navarro Rocha Bernal Hyde & Zech, P.C.
701 E. Harrison, Ste. 100
Harlingen, Texas 78550

**Via Regular Mail**
Mr. Felipe Santiago Peralez, III, *Pro Se*
1001 Tabasco Road
La Joya, Texas 78560

                                              /s/ Eileen M. Leeds
                                              Eileen M. Leeds